Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
HADJIR MASHIRI

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HADJIR MASHIRI, <br><br> Plaintiff, <br><br> vs. <br><br> R.M. GALICIA, INC. d/b/a PROGRESSIVE MANAGEMENT SYSTEMS INC., and DOES 1 through 25 <br><br> Defendants. | Case No. **'15CV1079 BEN NLS** <br><br> **COMPLAINT FOR DAMAGES** <br><br> **[DEMAND FOR JURY TRIAL]** |

Plaintiff HADJIR MASHIRI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff HADJIR MASHIRI (hereinafter referred to as "Plaintiff"), brings this lawsuit against R.M. GALICIA, INC. d/b/a PROGRESSIVE MANAGEMENT SYSTEMS, INC. (hereinafter "PMS") and DOES 1 through 25 (sometimes collectively referred to as "Defendants"), for violations of the Federal

- 1 -

COMPLAINT FOR DAMAGES

Fair Debt Collection Practices Act ("FDCPA") and Rosenthal Fair Debt Collections Practice Act ("RFDCPA).

Accordingly, Plaintiff brings this action to seek civil penalties, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

2.      Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

3.      Plaintiff is a consumer as defined by 15 U.S.C. section 1692a(3). Furthermore, Plaintiff is a debtor as that term is defined by California Civil Code section 1788.2(h).

4.      Plaintiff is informed and believes, and thereupon alleges, that PMS is, and at all times mentioned herein was, a corporation who was conducting and engaging in business in the County of San Diego, California.

5.      Plaintiff is informed and believes, and thereupon alleges, that PMS is a debt collector who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

6.      All Defendants attempted to collect a consumer debt as defined under the FDCPA and RFDCPA.

7.      Plaintiff is ignorant of the true names and capacities of those Defendants sued herein as DOES 1 through 25, and therefore sues those Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and

capacities when such names and responsibilities are ascertained.  Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's claims alleged in this complaint were proximately caused by such Defendants.

8. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

### III.
### JURISDICTION AND VENUE

9. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of the FDCPA and RFDCPA.  Because Defendants do business within the County of San Diego, State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. section 1391.

# IV.
# RELEVANT FACTS

12.    On or about May 1, 2013, Plaintiff is alleged to have incurred certain financial obligations due to emergency medical services provided by Sharp Grossmont Hospital.  Since it is irrelevant to this action, Plaintiff currently takes no position as to the validity of this alleged debt.

13.    Sometime after August 20, 2014, Plaintiff received his first collection letter (hereinafter referred to as "Validation Notice") from PMS, attempting to collect a debt in the amount of $1,667.28 from Plaintiff.  The Validation Notice was dated August 19, 2014.  This debt was allegedly owed to Sharp Memorial Hospital.  A copy of the Validation Notice is attached hereto as **Exhibit 1**, and is incorporated herein by reference.

14.    Based on the postage marked on the envelope, the Validation Notice was mailed on or about August 20, 2014.  A copy of the envelope is attached hereto as **Exhibit 2**, and is incorporated herein by reference.

15.     On or about September 5, 2014, Plaintiff mailed out a letter to PMS, disputing the debt and requesting a validation of the debt. Plaintiff also requested any and all documents evidencing that Plaintiff entered into any agreement allowing PMS to collect interest on the debt in the rate of 10%.  A copy of Plaintiff's September 5, 2014 letter is attached hereto as **Exhibit 3**, and is incorporated herein by reference.

16.    As of this date, Plaintiff never received any documents or agreements allowing PMS to collect interest on the debt.

- 4 -

17. Upon information and belief, the alleged debt is accruing interest.

18. Upon information and belief, interest was charged from the date of the service (May 1, 2014) and not from the date of delinquency.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA Against All Defendants)

19. Plaintiff re-alleges paragraphs 1 through 18, above, as if fully set forth herein.

20. Defendants violated the FDCPA by violating 15 U.S.C. sections 1692(f), 1692(f)(1), 1692g, 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10).

21. Defendants violated 15 U.S.C. section 1692(f) and 1692f(1) by attempting to collect an amount which they are not entitled and prohibited by law from seeking. Defendants fraudulently and deceptively added an amount of interest and attempted to recover such interest from Plaintiff even though it was neither permitted by law nor by an agreement creating the alleged debt.

22. Defendants violated 15 U.S.C. sections 1692g and 1692g(a)(1), because the Validation Notice failed to state the accurate amount of the debt Plaintiff allegedly owed. The Validation Notice stated that the alleged debt owed was $1,667.28, when in fact Plaintiff never owed this amount because PMS' interest charge is unlawful and/or inaccurate. Because of the interest charge being unlawful and/or inaccurate, the amount stated in the Validation Notice is incorrect.

23. Defendants violated 15 U.S.C. sections 1692e and 1692e(2)(A) because they falsely and deceptively misrepresented the amount of debt. The Validation Notice stated that the alleged debt owed was $1,667.28, when in fact Plaintiff never owed this amount because PMS' interest charge is unlawful and/or inaccurate.

24. Defendants also violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) because the Validation Notice is confusing and misleading. The notice stated that the debt owed was $1,667.28 on August 19, 2014. But the notice was not mailed until August 20, 2014, which means that the amount of interest had already increased from the date of the letter until the date it was mailed. The notice only stated part of the debt, and not the full amount owed as of the day the letter was mailed. The notice would also lead the least sophisticated consumer to believe that payment of the amount stated in the notice would satisfy the debt, when in fact, the consumer would still owe the additional interest that had accrued since the date the Validation Notice was generated.

25. Defendants violated sections 1692g, 1692e, 1692e(2)(A), and 1692e(10) because Validation Notice attempted to collect interest on the principal amount, but failed to include the necessary safe harbor language required under the FDCPA, specifically that the interest on the unpaid principal amount – here, $1618.94– would continue to accrue and that the debt would increase due to interest, as required under *Miller v. McCalla*, 214 F. 3d 872, 875 (7th Cir. 2000). The notice only stated part of the debt, and not the full amount owed as of the day the letter was mailed. The notice

- 6 -

COMPLAINT FOR DAMAGES

would lead the least sophisticated consumer to believe that payment of the amount stated in the notice would satisfy the debt, when in fact, the consumer would still owe the additional interest that had accrued since the date the Validation Notice was generated.

26. Defendants violated 15 U.S.C. section 1692e and 1692e(10) because they attempted to collect an incorrect and inaccurate amount of debt, knowing that Plaintiff did not owe such debt.  Defendants also illegally charged interest in an attempt to collect more money from Plaintiff than they were entitled to.

27. As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A) and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
### (Violation of the RFDCPA against All Defendants)

28. Plaintiffs re-allege paragraphs 1 through 27, above, as if fully set forth herein.

29. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, because section 1788.17 incorporates the FDCPA.

30. Defendants violated Civil Code section 1788.17 because they violated 15 U.S.C. sections 1692f, 1692(f)(1), 1692g, 1692g(a)(1),  1692e, 1692e(2)(A), and 1692e(10).

COMPLAINT FOR DAMAGES

31.   As a result of each and every violation of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For compensatory damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

DATED:   May 13, 2015          **MASHIRI LAW FIRM**
                               A Professional Corporation
                               By: /s/Alex Asil Mashiri
                                   Alex Asil Mashiri
                                   Attorney for Plaintiff,
                                   HADJIR MASHIRI

COMPLAINT FOR DAMAGES

*MASHIRI LAW FIRM*
*A Professional Corporation*
*11251 RANCHO CARMEL DR. # 500694*
*SAN DIEGO, CA 92150*
*TEL: (858) 348-4938*
*FAX: (858) 858-348-4939*